UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JACOB RESE and ALISON RESE,  :<br>     Plaintiffs,           :<br>                             :<br>   v.                        :     CA 09-034 S<br>                             :<br>S/V *SOLITAIRE*, Official No.644156 :<br>its rigging, engines, tackle,   :<br>etc., <u>In</u> <u>Rem</u>, and          :<br>GERALD L. DIAMOND, <u>In</u> <u>Personam</u>, :<br>     Defendants.           : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This is an action in admiralty to enforce and foreclose a maritime lien for crew's wages. Verified Complaint in Admiralty and Prayer for in Rem Arrest (Document ("Doc.") #1) at 1. ("Complaint"). Before the Court are Plaintiffs' Motion for Summary Judgment (Doc. #30) ("Motion for Summary Judgment") and Motion to Disburse Funds to Plaintiffs (Doc. #33) ("Motion to Disburse Funds") (collectively, the "Motions"). By the Motion for Summary Judgment, Plaintiffs Jacob Rese ("Mr. Rese") and Alison Rese ("Ms. Rese") (collectively, "Plaintiffs") seek entry of summary judgment in the amount of $50,953.27, plus costs, against Defendants S/V *Solitaire* (the "*Solitaire*" or the "vessel") and Gerald L. Diamond ("Mr. Diamond") (collectively, "Defendants"). The Motion to Disburse Funds seeks the disbursement of $30,000.00 being held in the Registry of the Court to Plaintiffs.

The Motions have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  The Court has determined that no hearing is necessary.  After reviewing the filings and performing independent research, I recommend that the Motions be granted.

### Facts[1]

In May of 2006, Mr. Diamond hired Mr. Rese as captain of the *Solitaire* at a wage of $5,000 per month plus expenses.  Statement of Undisputed Facts in Support of Plaintiffs' Motion for Summary Judgment (Doc. #32) ("SUF") ¶ 1.  Mr. Diamond also agreed to pay all expenses of the vessel, including dockage, fuel, provisions, and repairs.  Id.  A month later, in June of 2006, Mr. Diamond hired Ms. Rese to act as chef and mate on the vessel at a wage of $2,500 per month plus expenses.  SUF ¶ 2.  Mr. Diamond breached his contract with Plaintiffs by failing to pay them their wages

---

[1] The facts are taken from the Statement of Undisputed Facts in Support of Plaintiffs' Motion for Summary Judgment (Doc. #32) ("SUF"), as Defendant has filed neither a statement of disputed facts nor an objection to the Motion.  See Docket.  Accordingly, the facts as stated in Plaintiffs' SUF are deemed admitted.  See DRI LR Cv 56(a)(3) ("For purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion."); see also Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)("[W]e have held that noncompliance with such a rule, as manifested by a failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted and ruling accordingly."); Ayala-Gerena v. Bristol Meyers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996)(noting that appellants' failure to provide separate statement of disputed facts resulted in district court's taking of appellees' statement of uncontested facts as admitted).

in the amount of $31,500.00 plus expenses of $5,254.03, for a total of $36,754.03.  SUF ¶ 3.  The failure to pay Plaintiffs their wages also violated 46 U.S.C. § 10313.  Id.

On August 31, 2007, the Superior Court for Newport County, Rhode Island, granted Plaintiffs' request for judgment against Mr. Diamond for unpaid wages and expenses in the amount of $36,754.03, prejudgment interest from November 6, 2006, and costs.  SUF ¶ 4.  As of the date of the filing of the instant Complaint, the amount due and owing to Plaintiffs on the judgment, including costs and pre- and post-judgment interest, was $50,953.27.  Id.

Mr. Diamond failed to make payment in whole or in part of the judgment, and on January 26, 2009, the U.S. Marshal arrested the vessel.  SUF ¶¶ 5-6; see also Application for Issuance of Warrant of Maritime Arrest Pursuant to Supplemental Admiralty Rule C(3) (Doc. #2); Order for Issuance of Warrant of Maritime Arrest Pursuant to Supplemental Admiralty Rule C(3) (Doc. #4) ("Order of 1/22/09").  Notice of the arrest was advertised by the U.S. Marshal on February 17, 23, and 26, 2009, requiring the answers of any persons having a claim against the vessel to be filed within twenty days and any applications for intervention to be filed within thirty days.  SUF ¶ 7.  Default was entered against Mr. Diamond on March 25, 2009, for his failure to answer the Complaint or otherwise defend the action.  See SUF ¶ 8; see

3

also Entry of Default as to Gerald Diamond (Doc. #17).  The Court on April 9, 2009, granted the Motion for Leave to Intervene of Preferred Ship Mortgagee (Doc. #10) filed by Philip L. Nadel.  SUF ¶ 9.  However, Mr. Nadel filed a voluntary dismissal of his claim against the vessel as well as discharge of his mortgage on May 22, 2009.  Id.

On April 28, 2009, the Court granted Plaintiffs' Motion for Private Interlocutory Sale of Vessel (Doc. #24).  SUF ¶ 10.  The U.S. Marshal held a public auction on May 13, 2009, at which no bidders appeared and no bids were received.  Id.  On August 17, 2009, the Court approved the private sale of the vessel for $50,000.00, which was deposited into the Registry of the Court.  SUF ¶ 11.

On August 25, 2009, Plaintiffs filed a Motion to Disburse Funds to Substitute Custodian (Doc. #27), namely Newport Shipyard, in payment of its services as substitute custodian for the vessel.  See Docket; see also SUF ¶ 12.  The motion was granted on September 11, 2009.  See Docket; see also SUF ¶ 12.  No parties other than Plaintiffs currently have claims filed against the vessel.  SUF ¶ 13.  The U.S. Marshal's fees are paid in full.  SUF ¶ 14.  Plaintiffs advanced administrative costs in the amount of $5,977.02 for U.S. Marshal's fees, insurance, and advertising while the vessel was in *custodia legis*.  SUF ¶ 15.

**Summary Judgment Standard**

"Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Commercial Union Ins. Co. v. Pesante, 459 F.3d 34, 37 (1st Cir. 2006)(quoting Fed. R. Civ. P. 56(c)); accord Kearney v. Town of Wareham, 316 F.3d 18, 21 (1st Cir. 2002).  "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party.  A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law."  Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)(quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)).

In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party."  Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000)(citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)).  "[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage."  Coyne v. Taber

Partners I, 53 F.3d 454, 460 (1st Cir. 1995). Furthermore, "[s]ummary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial. If the evidence presented is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper." Gannon v. Narragansett Elec. Co., 777 F. Supp. 167, 169 (D.R.I. 1991)(citation and internal quotation marks omitted).

The non-moving party, however, may not rest merely upon the allegations or denials in its pleading, but must set forth specific facts showing that a genuine issue of material fact exists as to each issue upon which it would bear the ultimate burden of proof at trial. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d at 53 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505 (1986)). "[T]o defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party." ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002)(quoting LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993))(alteration in original)(internal quotation marks omitted).

**Discussion**

The facts stated in Plaintiffs' SUF are deemed admitted as they have not been denied or controverted. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000), Ayala-Gerena v. Bristol Meyers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996); see also DRI LR Cv 56(a)(3). The Court highlights here the facts most relevant to the instant motions.

Mr. Diamond hired Mr. Rese to work as captain of the S/V *Solitaire*, and he hired Ms. Rese to work as chef and mate. SUF ¶¶ 1-2. After hiring them, he failed to pay Plaintiffs their wages in the amount of $31,500.00 plus expenses of $5,254.03 for a total of $36,754.03. SUF ¶ 3. Plaintiffs obtained a judgment against Mr. Diamond for that amount in the Newport County Superior Court on August 31, 2007, with prejudgment interest from November 6, 2006. SUF ¶ 4. Mr. Diamond failed to pay the judgment in whole or in part. SUF ¶ 5.

Plaintiffs then brought the instant action in this Court against the S/V Solitaire and Mr. Diamond to enforce the maritime lien for unpaid crew wages. See Complaint; see also In re Millenium Seacarriers, Inc., 275 B.R. 690, 699 n.5 (S.D.N.Y. 2002)("A lien for crew wages is a preferred maritime lien, 46 U.S.C. § 31301(5)(D)[2] ...."). Pursuant to that action, the

---

[2] 46 U.S.C. § 31301(5) provides in relevant part:

(5) "preferred maritime lien" means a maritime lien on a

vessel was arrested, SUF ¶ 6; see also Order of 1/22/09, and subsequently sold for $50,000.00 on August 17, 2009.  SUF ¶ 11; see also Interlocutory Decree Approving Sale of Vessel at Private Sale (Doc. #26); Memorandum in Support of Motion to Disburse Funds to Plaintiffs (Doc. #34) ("Mem. Re Disbursement") at 1. The substitute custodian has been paid $20,000.00 for its services, see SUF ¶ 12; see also Mem. Re Disbursement at 1, and the U.S. Marshal's fees and costs for insurance and advertising, having been paid in advance by Plaintiffs, are fully paid, see SUF ¶¶ 14-15; see also Mem. Re Disbursement at 2.  No other parties other than plaintiffs currently have filed claims against the vessel.  SUF ¶ 13.

Based on the undisputed facts, I find that Plaintiffs are entitled to summary judgment in the amount of $50,953.27, plus costs.  I further find that they are entitled to the disbursement

---

vessel--

    (A) arising before a preferred mortgage was filed under section 31321 of this title;

    (B) for damage arising out of maritime tort;

    (C) for wages of a stevedore when employed directly by a person listed in section 31341 of this title;

    (D) **for wages of the crew of the vessel**;

    (E) for general average; or

    (F) for salvage, including contract salvage ....

46 U.S.C. § 31301(5) (bold added).

of the $30,000.00 being held in the Registry of the Court as: a) reimbursement of the administrative expenses which they advanced in the amount of $5,977.02, and b) partial satisfaction of their claims against Defendants S/V *Solitaire* and Mr. Diamond.

## Conclusion

For the foregoing reasons, I recommend that Plaintiffs' Motion for Summary Judgment and Motion to Disburse Funds be granted.  Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10)[3] days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
November 13, 2009

---

[3] The ten days do not include intermediate Saturdays, Sundays, and legal holidays.  See Fed. R. Civ. P. 6(a).